UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION S. EHRINGER,<br><br>                     Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA,<br><br>                     Defendant. | No.  2:15-cv-0985 KJM AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a former county jail inmate[1] proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  By order filed June 19, 2015, plaintiff's complaint was dismissed with leave to file an amended complaint.  ECF No. 10.  Plaintiff has now filed an amended complaint.  ECF No. 15.  In addition, plaintiff filed a motion for release, ECF No. 5, requests for appointment of counsel, ECF Nos. 17, 19, 20, and an "affidavit" regarding medical treatment, ECF No. 22

////

////

---

[1] At the time plaintiff filed his complaint, he was detained at Wayne Brown Correctional Facility in Nevada City, California.  It appears that plaintiff was in custody in on charges of making criminal threats and attempting to prevent and dissuade a witness, ECF No. 12 at 20, but was found incompetent to stand trial, see ECF No. 20 at 1-2.  Plaintiff was recently transferred to Metropolitan State Hospital in Norwalk, California.  See ECF No. 22.

1

I.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

1     pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

2     (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

3           II.      Allegations of the First Amended Complaint

4           In his amended complaint, plaintiff alleges that "the State of California took [his] son

5     from [him] while [he] was reporting a crime of a significant magnitude at one of the substations."

6     ECF No. 15 at 1-2.  Plaintiff was not allowed or offered a phone call, "nor was California Code

7     850 displayed." Id. at 2.  Plaintiff alleges that his son was kidnapped and held illegally for 75

8     days.  Plaintiff states that he wants "all parties involved to be brought up on appropriate charges,"

9     "the two social workers who committed perjury" to be fired and tried for perjury, and the social

10    workers in Sacramento County to be "fired for not inquiring into what [plaintiff] told them."[2]  Id.

11          In what appears to be a separate complaint on the following page,[3] plaintiff goes on to

12    allege that the Plumas County Superior Court "illegally placed a domestic violence restraining

13    order on [plaintiff]." ECF No. 15 at 3-4.  Plaintiff writes, "This restraining order does not show

14    up outside the Counties of Plumas and Sierra in the State of California.  Why is that!" Id. at 4.

15    Plaintiff requests that his record be cleared, his guns be returned, and all parties involved be fired.

16    Id. at 4.  In the alternative, plaintiff seeks damages.  Id.

17          III.      Discussion

18          Although plaintiff's amended complaint is somewhat more specific than his original

19    complaint, the court once again finds plaintiff's allegations so vague and conclusory that it is

20    unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

21    court has determined that the amended complaint does not contain a short and plain statement as

22    required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

23    a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

24    v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

25    some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

---

[2] Plaintiff does not elaborate as to what he told the social workers.

[3] Page one of plaintiff's filing is labeled "Amended Complaint," while page three is labeled "Complaint."  See ECF no. 15 at 1, 3.

3

Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, plaintiff will be granted one final opportunity to amend his complaint.

### A. Allegations Regarding Plaintiff's Son

Plaintiff makes a vague reference to social workers committing perjury and his son being taken from him and held illegally for 75 days, but provides no additional information in his amended complaint. See ECF No. 15 at 2. However, the court notes that in a separate motion, plaintiff asserts that "Sierra County . . . put [his] son in Sierra County Child Protection." ECF No. 5 at 1. Plaintiff also filed a number of miscellaneous exhibits (not attached to his amended complaint),[4] which indicate that on April 7, 2015, the Sierra County Superior Court declared plaintiff's biological son a dependent child of the court under California Welfare and Institutions Code § 300(b)(1).[5] See ECF No. 12 at 11. It appears that plaintiff's son, who had previously been living with plaintiff, was placed in a foster home and the location was not disclosed to plaintiff. See id. Thus, plaintiff's allegations and miscellaneous exhibits suggest that plaintiff may be attempting to contest his son's placement with Sierra County Child Protective Services and/or placement in a foster home in a "confidential location" in Sierra County.

Plaintiff's vague and conclusory claims regarding the "kidnapping" of his son must be

---

[4] While the court is not obligated to consider plaintiff's piecemeal filings, the undersigned does so here in an attempt to shed light on the extremely vague allegations of plaintiff's amended complaint.

[5] California Welfare and Institutions Code § 300(b)(1) provides, in relevant part, that a child who comes within the following description is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court:

> The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, or the willful or negligent failure of the child's parent or guardian to adequately supervise or protect the child from the conduct of the custodian with whom the child has been left, or by the willful or negligent failure of the parent or guardian to provide the child with adequate food, clothing, shelter, or medical treatment, or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness, developmental disability, or substance abuse.

4

dismissed, but plaintiff will be given leave to amend.  See Spears v. Weiner, No. 2:14-CV-0950-CMK-P, 2015 WL 1440319, at *8-9 (E.D. Cal. Mar. 27, 2015) (dismissing plaintiff's claims with leave to amend where plaintiff alleged that he was "denied due process by the public guardian, Child Protective Services," but did not explain how his rights were violated or who was responsible for the violations).  In his amended complaint, plaintiff must do more than simply state that his son was taken from him illegally.  If plaintiff intends to challenge the proceedings in which his son was removed from plaintiff's custody, plaintiff should explain what happened at the proceedings, how his constitutional rights were violated, and who is responsible for the violations.

### B.  Restraining Order

In his amended complaint, plaintiff makes a vague reference to an "illegal" "domestic violence restraining order" issued by the Plumas County Superior Court, but does not elaborate. See ECF No. 15 at 4.

Here, the court notes that according to the miscellaneous exhibits filed by plaintiff, the Sierra County Superior Court issued a criminal restraining order and a civil restraining order against plaintiff in April and May 2015, respectively.  See ECF No. 12 at 6-7, 28.  These restraining orders appear to be related the criminal charges plaintiff faces in Sierra County for making criminal threats and attempting to dissuade a witness.  See id. at 20.  However, in light of plaintiff's allegation that *Plumas County* placed an "illegal" restraining order on him, it remains unclear whether plaintiff intends to challenge the restraining orders issued by Sierra County. Moreover, it is unclear how the issuance of any restraining order violated plaintiff's constitutional rights.

Plaintiff's vague and conclusory claim regarding the "illegal" restraining order must be dismissed.  If plaintiff chooses to file an amended complaint, he should explain why the restraining order was "illegal," how his constitutional rights were violated, and who is responsible for the violations.

### C.  State of California as a Defendant

Plaintiff is advised that his first amended complaint is also subject to dismissal because

5

the State of California is still listed as the sole defendant. As plaintiff has previously been informed, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's potential claims against the State of California must be dismissed.

### D. 42 U.S.C. § 14141

Plaintiff again purports to proceed pursuant to 42 U.S.C. § 14141. Plaintiff is reminded that § 14141 does not provide for a private cause of action. Gonzales v. City of Clovis, No. 1:12-CV-00053-AWI, 2012 WL 1292580, at *5 (E.D. Cal. Apr. 13, 2012) ("Section 14141 only provides for a civil cause of action brought by the United States Attorney General . . . [it] does not provide a private right of action.") (internal citations omitted). Moreover, § 14141 applies to those responsible for the incarceration of juveniles.[6] Because plaintiff does not allege that he is a juvenile, this section does not apply to plaintiff.

### IV. Amendment

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.

---

[6] 42 U.S.C. § 14141(a) provides that:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

1    Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
2    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
3    allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
4    Regents, 673 F.2d 266, 268 (9th Cir. 1982).
5         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
6    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
7    complaint be complete in itself without reference to any prior pleading.  This is because, as a
8    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
9    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
10   longer serves any function in the case.  Therefore, in an amended complaint, as in an original
11   complaint, each claim and the involvement of each defendant must be sufficiently alleged.
12        V.    Motion for Release
13        In a one-paragraph document entitled "Motion," plaintiff asserts that on or about April 4,
14   2015, plaintiff "was reporting a crime of significant magnitude against Plumas County in Sierra
15   County" when Sierra County officials "turned [plaintiff] over to Plumas County and put
16   [plaintiff's] son in Sierra County Child Protection."  ECF No. 5 at 1.  Plaintiff alleges that his son
17   was kidnapped and that plaintiff is being held on false charges.  Id.  Plaintiff requests "to be
18   picked up by a U.S. Marshall and reunited with his son in a place of safekeeping as soon as
19   possible."  Id.
20        Plaintiff's allegation that he is being "held on false charges" and his request to be "picked
21   up by a U.S. Marshall" suggest that plaintiff may seek to challenge the fact of his confinement,
22   rather than the conditions of his confinement.  Plaintiff is advised that while a civil rights action
23   under 42 U.S.C. § 1983 is the proper vehicle to challenge conditions of confinement, a habeas
24   corpus petition is the sole federal vehicle for challenging the fact or duration of confinement.
25   Presier v. Rodriguez, 411 U.S. 475, 498-99 (1973).  Accordingly, to the extent plaintiff seeks to
26   challenge the fact of his confinement, his federal remedy is a petition of habeas corpus pursuant
27   to 28 U.S.C. § 2254, after he exhausts state judicial remedies.  See id. at 500.  Plaintiff's
28   unsupported request for release should be denied.

7

VI.     Motion for Appointment of Counsel

Plaintiff has requested appointment of counsel. ECF Nos. 17, 19, 20. Plaintiff alleges that he requires counsel because of his lack of access to legal materials. See ECF No. 19 at 1. Plaintiff also indicates that he has been told he is "unfit to stand trial" for a crime [he] is innocent of," and asserts that he requires counsel because "two psychologists, one psychiatrist, [his] public defender, and the judge all have failed to pick up the phone" to confirm that he is "the heir to the royal thrown [*sic*]" in Sweden. ECF No. 20 at 1-2. Plaintiff further asserts that he needs "proper representation in dealing with photos and a scrap book that is connected to Eric Erickson the Swedish Spy," which plaintiff would like to give to the Library of Congress. Id. at 3.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances at this time, primarily because plaintiff has not submitted a complaint with allegations sufficient to state a cognizable claim for relief. The court remains only vaguely informed about the reasons plaintiff initiated this suit, and thus cannot ascertain the complexity of the issues involved or plaintiff's likelihood of success on the merits of his claims. Therefore, plaintiff's request for appointment of counsel will be denied without prejudice.[7]

---

[7] To the extent plaintiff claims appointment of counsel is warranted because he is unsatisfied (continued…)

VII.    Affidavit

On January 15, 2016,[8] plaintiff filed a notice of change of address informing the court of his transfer to Metropolitan State Hospital. ECF No. 23. On January 17, 2016, plaintiff filed an "affidavit" stating in its entirety: "The State of California is now drugging me involuntarily. Not one person has called Ms. Napolitono [*sic*] or the Swedish Embassy. And now it seems the Federal Court is o.k. with the State of California drugging me. Why is that?" ECF No. 22 at 1.

It is not entirely clear whether plaintiff's "affidavit" is for informational purposes or if plaintiff seeks injunctive relief from the court. To the extent plaintiff seeks to challenge the involuntary administration of medication at Metropolitan State Hospital, he may include these allegations in his second amended complaint. However, plaintiff is reminded that before seeking relief in federal court, he must first exhaust administrative remedies by filing a grievance regarding the unwanted medication.

VIII.   Summary

Plaintiff's first amended complaint is dismissed because plaintiff did not provide enough information about what events his lawsuit is based on. Plaintiff will be given one last chance to file an amended complaint. In the second amended complaint, plaintiff must give a short explanation of what this lawsuit is about. He must state how his rights were violated, and who did what. If plaintiff continues to list "the State of California" as the only defendant, plaintiff's complaint will likely be dismissed.

Plaintiff's motion for release is denied. If plaintiff seeks to challenge his confinement, he should file a habeas corpus petition after he exhausts state court remedies.

Plaintiff's request for appointment of counsel is denied because the court does not have enough information about plaintiff's lawsuit to determine if plaintiff qualifies for appointment of counsel.

---

with the actions of counsel in his criminal case, these allegations do not support appointment of counsel in this civil lawsuit.

[8] Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

IX.   Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 15) is dismissed;
2. Plaintiff's motions for appointment of counsel (ECF Nos. 17, 19, 20) are denied;
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled **"Second Amended Complaint"**; plaintiff must file an original and two copies of the amended complaint;
4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for release (ECF No. 5) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 29, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE